THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES M. PATTERSON, Appellant, v. EDWARD REED, Respondent.

64  453
142a 630

*Military Code — delinquency court — when jurisdiction is established — attacking it collaterally — several fines included in one warrant — form of warrant.*

James M. Patterson, a member of the National Guard, was found guilty of certain charges by a delinquency court organized under the Military Code. Having failed to pay the fines imposed a warrant for their collection was issued, under which he was arrested.

In proceedings by *habeas corpus* to procure his release the defendant, a marshal, justified under the warrant, which recited that the court was duly appointed and that Patterson was duly summoned to appear.

The summons was put in evidence, and its service was proved by Patterson, himself. *Held*, that this was sufficient, *prima facie*, to establish jurisdiction of the person and subject-matter.

That, upon *habeas corpus*, the court could not inquire into the legality or justice of the order of the delinquency court.

That, for an error in the exercise of its jurisdiction by the delinquency court, the remedy was by *certiorari* or by appeal.

That as neither the petition nor answer to the return denied the existence or the organization of the court, although it was one of limited jurisdiction, its jurisdiction could not be attacked.

That, under section 123 of the Military Code ([8th ed.], p. 853), the court did not exceed its jurisdiction in imposing a fine, which was the sum of several penalties for separate delinquencies, provided that the penalty in each case did not exceed the statutory maximum.

That if it was error to duplicate penalties in one warrant, the mistake could only be taken advantage of by appeal.

That such a fine was not similar to a penalty imposed for a conviction in the nature of a criminal offense, but was more nearly like a recovery in a civil action of a game or excise penalty.

That section 127 of the Military Code seemed to contemplate the duplication of penalties in one warrant.

That section 114 does not require that charges and specifications shall be served on the accused when brought before a delinquency court.

That while the statute did not prescribe the form of the warrant in such cases, the warrant was not erroneous in directing the imprisonment of the relator for default in paying the fine, since the statute made that act the duty of the sheriff or marshal in case of non-payment. (Military Code, § 127.)

Appeal by the People of the State of New York and James M. Patterson, relator, from a final order of Hon. A. J. Cheritree,

County Judge of Warren county, dated February 24, 1890, dismissing a writ of *habeas corpus* issued on behalf of the relator and remanding him to the custody of the marshal.

The relator being in custody of the defendant under a warrant purporting to have been issued by a delinquent court organized under the provisions of the Military Code, sued out a writ of *habeas corpus*, and the defendant, by his return to such writ, justified under such warrant. The warrant recites that a delinquency court was duly appointed and held for a trial of enlisted men of the Eighteenth Separate Company of the National Guard, and that the relator was duly summoned to appear at such court at a time and place appointed, at which time and place such court was held, and the relator was returned thereto as delinquent in not attending certain specified drills and parades. That it appeared to the satisfaction of such court that the relator was a duly enlisted member of such company, and that no sufficient excuse was presented for the delinquency charged against him, and that the court thereupon adjudged him delinquent, as charged, and sentenced him to pay a fine of fifty dollars. The warrant required the defendant to collect such fine, with costs, from the relator, and in default of property to arrest and convey him to the common jail of the village of Glens Falls, or the county of Warren, as the case may be, and to deliver him to the jailer for imprisonment according to law.

The relator, by his traverse of such return, alleged that the court had not jurisdiction of his person; that no evidence was given in support of the charges; that prior to his case being called he had no knowledge of the charges against him, etc. Upon the hearing the only evidence given before the county judge was by the relator, that a summons was served upon him for his appearance before the delinquency court. The county judge made an order dismissing the writ and remanding the relator to the custody of the defendant, and from that order the relator appeals.

*Louis M. Brown*, for the appellant.

*Loyal L. Davis* and *C. J. Buchanan*, for the respondent.

MAYHAM, P. J.:

The relator insists that there was no proof before the county judge on these proceedings that the delinquency court acquired

jurisdiction, either of the person of the relator or of the subject-matter of the charge, to authorize that court to impose the fine for which the relator was arrested and committed by the defendant under the warrant issued by the president of the court.

We think the summons issued by the president of the delinquency court, which was put in evidence on the part of the relator and which he swears was served upon him, was sufficient *prima facie* to establish the jurisdiction of that court, both of the relator and subject-matter of the charge.

The statute authorizes the creation and organization of the delinquency court, and the amended return shows that the warrant was issued by the president of that court; and the existence and validity of such court is nowhere expressly traversed by the petition or answer to the amended return, and we, therefore, conclude that the existence and jurisdiction of that tribunal is established; and, by the service of the summons and the appearance of the relator in the delinquency court pursuant to its mandate, the court acquired jurisdiction of the person of the relator.

The delinquency court having thus acquired jurisdiction, the county judge, on *habeas corpus*, could not, nor can this court, on an appeal from his order quashing the writ, inquire into the legality or justice of the mandate, decree or final order of the delinquency court. For any error in the exercise of the jurisdiction, relief must be sought either by *certiorari* or appeal. This was the rule under the Revised Statutes, and it has not been changed by the Code. Section 2034 of the Code of Civil Procedure provides as follows : " But a court or judge, upon the return of a writ issued as prescribed in this article, shall not inquire into the legality or justice of any mandate, judgment, decree or final order specified in the last section but one, except as therein stated." Section 2033 of the Code provides that where a person is in custody by virtue of a mandate in a civil cause, he can be discharged only in one of the cases mentioned in that section, and this proceeding does not come within any of the cases there enumerated.

It is quite true that, as this delinquency court is not a court of general jurisdiction, its recitals of jurisdictional facts do not furnish *prima facie* evidence of jurisdiction. But the jurisdiction of this court in this case does not rest upon recitals alone, but upon the

summons and proof of service and the uncontradicted allegation in the return of the existence and organization of the court, which stand admitted in the record. While, therefore, the jurisdiction of this court was open to be attacked in this proceeding, yet, when jurisdiction is shown, its proceedings cannot be collaterally assailed.

Upon this subject, RUGER, Ch. J., in *People ex rel. Frey v. The Warden, etc.* (100 N. Y., 26), uses this language: "When, however, a court has jurisdiction of the subject-matter, and has acquired jurisdiction of the person by service of proper process, or the voluntary appearance of the party, it is competent for it to try and determine all questions within the issue arising during the course of the trial, and its decisions thereon can be reviewed only on appeal in a direct proceeding, having that object in view."

But it is insisted that the delinquency court had no power to inflict a penalty amounting in the aggregate to fifty dollars, and that the imposition of this penalty comes within the provisions of the *habeas corpus* act as contained in subdivision 1 of section 2033 of the Code, when the jurisdiction of the court has been exceeded. By section 123 of the Military Code (2 R. S. [8th ed.], p. 853), it is provided as follows: "Every enlisted man who shall, without proper excuse, be absent from, or in any other respect delinquent at any drill, parade, encampment, meeting for instruction, or other duty ordered by competent authority, shall be fined by a delinquency court for enlisted men, not more than five nor less than one dollar for each absence or delinquency."

The relator denies the right to duplicate offenses, and try a delinquent for ten offenses or delinquencies at the same time; but we see nothing in the act that prohibits such a fine if the same is made of a sufficient number of delinquencies at not to exceed five dollars for each offense to aggregate to that amount. That would not be the exercise of an excess of authority prohibited by the *habeas corpus* act above referred to, so long as each penalty did not exceed the maximum of the penalty for such delinquency. If the duplication of the penalties in one warrant was erroneous that was but an error in the exercise of the jurisdiction which could only be corrected on appeal, and not on *habeas corpus*, as we have already shown.

If the imposition of a penalty is to be considered in the nature of

a conviction for an offense, then the case of the *People ex rel. Tweed* v. *Liscomb* (60 N. Y , 559) would be in point, and the authority of the court would be clearly exceeded, and the want of jurisdiction as to such excess of authority would be good ground for interference by *habeas corpus*, for as to such excess the court would be without jurisdiction and its order would be void. But it can hardly be claimed that the delinquencies charged against the relator were criminal, and that the penalties imposed by the statute for such delinquencies were in the nature of punishments for crimes, and hence the aggregation of punishment for several offenses charged in the Tweed indictments have no direct application to the delinquencies charged against the relator for which this sum of fifty dollars was imposed as a fine. The case is more nearly like a civil action for the violation of the game or excise laws, when several penalties may be recovered in the same action, and enforced on the same execution.

But the Military Code in itself contains provisions which strengthen the argument that fines may be aggregated and embraced in the same warrant for collection by the marshals. Section 127 is as follows: " For the purpose of collecting any fines or penalties imposed by any courts-martial or delinquency courts, authorized by this act, the president of the court shall, within twenty days after the expiration of the time in which an appeal is allowed, as provided in this act, * * * make a list of all the persons fined, describing them distinctly and showing the sums imposed as fines or penalties, on each person and not paid, and shall draw his official warrant directed to any marshal * * * commanding him to levy such fines," etc.

It seems quite evident, from the language above employed, that the president may in the same warrant aggregate several penalties against the same person in one warrant, and also that he may in the same warrant embrace more than one delinquent. It would seem, therefore, that the delinquency court did not exceed its authority in embracing in one warrant several fines, so long as the fine imposed for each delinquency did not exceed the maximum sum imposed as a penalty for any one delinquency.

It is also urged that there were no charges and specifications served on the relator, as required by section 114 of the Military Code. That

section only requires that charges and specifications shall be served on the accused when brought to trial before a court-martial. No such requirement is made in trials before delinquency courts.

It is also urged that the warrant was irregular on its face in that it directed the imprisonment of the relator in the Glens Falls or county jail in default of collection or payment of the fine.

The statute does not prescribe the form of the warrant, but it defines the powers and duties of the marshal or sheriff, charged with its execution, as follows: " In default of sufficient goods and chattels to satisfy the same, then such marshal of the court, or sheriff or constable of any city or county  *  *  *  shall take the body of such delinquent and convey him to the common jail of such city or county," etc.

The warrant, therefore, directed substantially the performance of the same act which the statute required the sheriff or marshal to do without any such direction, and it is difficult to see how the relator could be injured by such direction. Such direction was not required by statute, but it gave no direction that the sheriff, under the statute, was not required to do whether it was contained in the warrant or not.

The order of the county judge, directing that the writ be quashed and the relator remanded, was right and must be affirmed, with costs.

Order affirmed, with costs and printing disbursements.

PUTNAM and HERRICK, JJ., concurred.

Order dismissing writ of *habeas corpus* and remanding relator affirmed.